UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>DANIEL ALLEN FLAHERTY,<br><br>    Defendant. | NO.  CR-99-091-RHW<br>       CV-10-407-RHW<br><br>**ORDER DENYING MOTION TO VACATE SENTENCE** |

Before the Court is Defendant's "Petition for Writ of Coram Nobis and Supporting Memorandum of Law", which the Court has construed as a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Ct. Rec. 67). The Motion contends that Defendant's sentence should be amended or vacated because he received ineffective assistance of counsel.

A petitioner claiming denial of effective assistance of counsel must show two elements: (1) counsel's performance was so deficient that counsel was not functioning as "counsel" under the Sixth Amendment; and (2) that the result of counsel's errors prejudiced the defense so as to deprive a petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Otherwise stated, the ineffectiveness of a petitioner's counsel "must fall below an objective standard of reasonableness." *Id.* at 688. However, even though both elements are required to be affirmatively proven by petitioner, the order in which they are considered is irrelevant; an inquiry into such a claim may cease if a petitioner makes an insufficient showing on one component or the other. *Id.* at 697.

**ORDER DENYING MOTION TO VACATE SENTENCE** * 1

1    Defendant previously pleaded guilty to Possession with Intent to Distribute
2  Cocaine in violation of 21 U.S.C. § 841(a)(1), and to Possession of a Stolen
3  Firearm in violation of 18 U.S.C. § 922(j) (Ct. Rec. 15). Defendant argues that his
4  defense counsel and the Court failed to advise him of the collateral consequences
5  this plea might have in the future, including the possibility that the conviction
6  might serve as a predicate for a "'carrer offender' statutory provision in a Federal
7  sentence." (Ct. Rec. 67, p. 2) [sic]. Defendant maintains that he only pled guilty "to
8  eliminate the possibility of a minimum statutory sentence of 60 months," and was
9  "advised that he would not be exposed to any other appreciable punishment
10 immediately or in the future as a result of his plea."

    The Court finds that Defendant's argument is without merit. First, Defendant
acknowledged in his plea agreement that he faced a possible sentence of thirty
years imprisonment for the two counts to which he was pleading guilty (Ct. Rec.
15, pp. 2-3). Second, at sentencing the Court raised the possibility that Defendant
might be charged as an armed career criminal, and Defendant acknowledged that
he had discussed that possibility with his lawyer (Ct. Rec. 21, p. 8).

    Accordingly, **IT IS HEREBY ORDERED** that Motion to Vacate, Set
Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Ct. Rec. 67) is **DENIED.**

    **IT IS SO ORDERED.**  The District Court Executive is hereby directed to
enter this order, furnish copies to the Government and to Defendant, and **close the above-captioned files.**

    **DATED** this 28th day of December, 2010.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\CRIMINAL\1999\Flaherty\deny.ord.wpd

**ORDER DENYING MOTION TO VACATE SENTENCE** * 2